WEST JERSEY TRUST COMPANY, complainant-respondent,

*v.*

GEORGE W. HALLIWELL et al., defendants-appellants.

[Argued March 20th, 1914. Decided March 20th, 1914.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming.

*Mr. Wilford B. Wolcott,* for the respondent.

*Mr. Timothy J. Middleton,* for the appellants.

PER CURIAM.

The suit was for foreclosure of a mortgage to satisfy the principal sum, and decree was resisted on the sole ground that the principal was not due. It was due by the terms of the bonds and mortgage, but the claim was that there had been a subsequent extension by the mortgagee in favor of defendant Halliwell.

Halliwell was not a party to the mortgage, but was a purchaser of the equity at a foreclosure sale under a second mortgage. Defendant's case was, in substance, that pending the foreclosure of this second mortgage a Mr. Nixon was contemplating the making of a loan to take up the second mortgage, provided the complainant would extend the time of payment of the first mortgage; and that complainant wrote him a letter (which was

not produced) agreeing to do so, and sent this letter by her son. Defendant then sought to extend the scope of this letter by showing that the son had authority for his mother to agree, and did agree, with Mr. Middleton as representing Halliwell, an intending purchaser at the sale, that the proposed extension would apply to such purchaser. Vice-Chancellor Leaming held that defendants had not sustained the burden of showing either that such agreement had been made by the son or that he had authority to make it.

We are content to affirm the decree below on the first ground taken by the learned vice-chancellor, namely, that defendants had not sustained the burden of proving what it was incumbent on them to show, to wit, that Halliwell had taken title, relying on an agreement by the mortgagee with him or for his benefit, that if he should purchase at the sale, the first mortgage would stand for two years more.

This result makes it unnecessary to decide whether the agency of complainant's son was made out. On this phase of the case there was a ruling excluding evidence tending to show agency which is challenged here, and on which we prefer to express no opinion. For the purposes of our decision the agency is assumed.

It is further argued that the acceptance by the complainant of interest from the purchaser Halliwell operated to postpone the payment of principal to the next interest day. No authority is cited for this proposition, and we know of none.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER—11.

*For reversal*—None.